NO. 07-04-0056-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 6, 2005

_____

RONALD J. HETTLER, ROBIN HETTLER, AND
CORNWALL INSURANCE AGENCY, INC. D/B/A
HETTLER-BRENHOLTZ INSURANCE,  APPELLANTS

V.

THE TRAVELERS LLOYDS INSURANCE COMPANY, APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-513,481; HONORABLE BLAIR CHERRY, JUDGE

_____

Before QUINN, C.J., and REAVIS, J. and BOYD, S.J.[1]

**OPINION**

Presenting five points of error, appellants Ronald J. Hettler, Robin Hettler, and

Cornwall Insurance Agency, Inc. d/b/a Hettler-Brenholtz Insurance (collectively the

Hettlers) contend the trial court erred in rendering summary judgment that appellee The

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Travelers Lloyds Insurance Company (Travelers) did not have the duty to provide the Hettlers a defense in a suit brought by William David Brenholtz nor a duty to indemnify them for damages awarded. The judgment also denied them any relief on their claims under articles 21.21 and 21.55 of the Insurance Code, their breach of duty of good faith and fair dealing claim, and their claim for attorney's fees. By their first three points of error, the Hettlers contend the trial court erred in determining Travelers had no duty to defend Brenholtz's complaints regarding (1) wrongful eviction,[2] (2) libel and slander, and (3) denial of use of property and, by the remaining two points they contend the trial court erred in (4) applying the employment-related practices exclusion to exclude coverage and (5) holding that Travelers had no duty to indemnify.[3] We affirm.

Ronald J. Hettler and Brenholtz began doing business together as Hettler-Brenholtz Insurance Agency on June 1, 1994, per an informal oral agreement. Ronald was president, Brenholtz was vice-president, and Robin Hettler was an officer of the corporation. On September 9, 1994, the agency obtained insurance coverage for three years under a Commercial General Liability Policy issued by Travelers. Thereafter, on November 20, 1996, Brenholtz prepared a summary of his version of the oral agreement which was initialed by Brenholtz and signed by Ronald. Handwritten comments on the

---

[2]The Hettlers' amended petition does not include an allegation that Travelers had the duty to defend any claim for wrongful eviction.

[3]The Hettlers do not present a point of error contending the trial court erred in awarding Travelers attorney's fees in the amount of $21,367.35.

November 20 summary indicated the parties contemplated it would be sent to an attorney. On February 13, 1997, Ronald delivered to Brenholtz his last paycheck along with a handwritten letter terminating his services as of Friday, the 14th stating "this isn't working." By the letter, Ronald also requested Brenholtz to submit outstanding expenses for reimbursement, and further proposed a purchase agreement.[4]

Brenholtz promptly filed suit against the Hettlers and the corporation seeking temporary relief. Then, as material here, by his amended petition, Brenholtz sought an accounting and damages and alleged claims for breach of contract, fraud, conversion, and interference with business relations. After Travelers declined to defend the Brenholtz suit, the Hettlers proceeded with their defense and filed this action against Travelers seeking damages for failure to defend and asserting claims under articles 21.21 and 21.55 of the Insurance Code, breach of duty of good faith and fair dealing, and attorney's fees.[5] By its first amended answer and counterclaim for declaratory judgment, Travelers asserted the allegations in Brenholtz's pleading did not require Travelers to defend the action and that the affirmative allegations were not covered due to exclusions in the policy. Travelers also

---

[4]Brenholtz's summary of the oral agreement and Ronald's letter were attached to Brenholtz's petition as exhibits. Among other things, the letter also stated Brenholtz was no longer an employee, the staff had been instructed to deny him entry on the premises, the locks had been changed, the police would be called if he showed up, and "[i]f you elect not to take this offer, then I will instruct staff to run copies of files, and mail them or deliver them to your home."

[5]The Hettlers did not seek a declaratory judgment.

sought a declaratory judgment for no duty to defend and for attorney's fees.  As is material

here, the pleadings of the parties included the following contentions:

| Hettler | Travelers |
|---|---|
| Travelers had a duty to defend Brenholtz's claims of fraud, conversion, and interference with business relationships. | Brenholtz's allegations do not present a claim for an accidental occurrence, but constitute intentional and expected acts. |
| Asserted article 21.21 claims. | Brenholtz's allegations do not implicate "property damage" or "bodily injury" as defined in the policy. |
| Asserted article 21.55 claims. | The events asserted by Brenholtz arise from the termination of his employment. |
| Breach of duty of good faith and fair dealing. | **Counterclaim** |
| Claim for attorney's fees. | Declaratory judgment that Travelers owed no duty to defend and indemnify. |
| | Relevant policy provisions exclude coverage. |
| | No duty to defend or indemnify. |
| | Claim for attorney's fees. |

After Travelers filed its traditional motion for summary judgment, the Hettlers filed

their motion for partial summary judgment.  Grounds for each included the following:

4

| Hettler | Travelers |
|---|---|
| Asserted the following allegations per Hettler's letter triggered the duty to defend (summarized): | No duty to defend. |
| Hettler's letter of February 13, 1997, terminating employment and advising that staff would be instructed not to allow Brenholtz on the premises, that the locks would be changed, and the police would be called. | No coverage based on policy definition of "personal injury."  Exclusion for employment-related practices.  Travelers owed no duty to defend Hettler's claims under articles 21.21 and 21.55 and his claims for breach of duty of good faith and fair dealing have no merit. |
| Brenholtz was intentionally and forcibly denied access/possession of his customer files. | No duty to indemnify. |
| Wrongfully retaining Brenholtz's files constituted conversion of property. | |
| Denial of access to files deprived Brenholtz of the ability to carry on his business and wrongfully denied him the opportunity to carry on customer relations. | |

On May 2, 2003, after considering competing motions for summary judgment, the trial court signed an interlocutory order that Travelers had no duty to defend the Hettlers under the policy and had no duty to indemnify them for any sums of money awarded against them. The order also denied the Hettlers' claims under articles 21.21 and 21.55 and for good faith and fair dealing and declared Travelers had no duty to defend or indemnify the Hettlers. Then, following a nonjury determination on the merits, the trial court

5

signed its judgment that Travelers recover attorney's fees in the amount of $21,367.35 on

January 13, 2004.[6]

Standard of Review

In reviewing a summary judgment, we must apply the standards established in

Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.
>
> 3. Every reasonable inference must indulged in favor of the nonmovant and any doubts resolved in its favor.

When both parties move for summary judgment, each party must conclusively

establish it is entitled to judgment as a matter of law, Guynes v. Galveston, 861 S.W.2d

861, 862 (Tex. 1993). Neither party can prevail simply by the other party's failure to

discharge its burden. Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W.2d

85, 87 (Tex. 1954). If the trial court grants one summary judgment and denies the other,

the appellate court may render the judgment the trial court should have rendered. Jones

v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988). Where, as here, the order granting

---

[6]The Hettlers did not challenge by point of error the judgment of the trial court denying their claims under artices 21.21 and 21.55, and their good faith and fair dealing claim or the award of attorney's fees to Travelers.

summary judgment does not specify the grounds on which the trial court relied for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Allstate Ins. Co. v. Hicks, 134 S.W.3d 304, 307 (Tex.App.–Amarillo 2003, no pet.).

## Duty to Defend

An insurer's duty to defend the insured is determined by applying the "eight corners" rule, under which we look only to the pleadings and the insurance policy to determine whether the duty to defend exists. Cluett v. Medical Protective Co., 829 S.W.2d 822, 829 (Tex.App.--Dallas 1992, writ denied). The duty to defend is not affected by the facts of the case ascertained before, during, or after the suit, and we do not consider the truth or falsity of the allegations in the underlying pleadings. Culllen/Frost Bank v. Commonwealth Lloyd's, 852 S.W.2d 252, 255 (Tex.App.--Dallas 1993, writ denied). The duty to defend arises if the factual allegations against the insured, when fairly and reasonably construed, state a cause of action potentially covered by the policy. *Id.* In determining the applicability of provisions of the policy, we focus on the facts alleged in Brenholtz's petition that show the origin of the damages, not the legal theories asserted for recovery and indulge a liberal interpretation of the meaning of those allegations. *See id.* at 141-42. Any doubt as to whether the complaint states a covered cause of action is resolved in the insured's favor. *Cullen/Frost Bank*, 852 S.W.2d at 255. However, we do not look outside

7

the pleadings or imagine factual scenarios which might trigger coverage. Nat. Union Fire v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 142 (Tex. 1997).

The issues for determination in the trial court were framed by the pleadings of the parties. Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982). By our analysis, we will consider the points of error in the context of the theory on which the case was tried in the trial court and on issues that were preserved and presented for review. American Mut. Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844, 848 (1946).

By point of error one, the Hettlers contend the trial court erred in determining that Travelers had no duty to defend Brenholtz's wrongful eviction complaint. We disagree. Although they alleged in the trial court that Travelers had the duty to defend based on claims of fraud, conversion, and interference with business relationships, here, however, they only contend that the duty to defend existed under the wrongful eviction coverage of the policy.

Under coverage B pertaining to personal injury, the policy provides coverage for "wrongful eviction." Otherwise stated, coverage does not extend to just any eviction but, where applicable, applies only to cases alleging a wrongful eviction. As material here, the policy provides coverage for the wrongful eviction from "room, dwelling, or premises that a person occupies by or on behalf of its owner, landlord, or lessor."[7] The Hettlers argue

---

[7]*See* Section V - Definitions, 10. c.

the letter to Brenholtz "purporting to terminate" his employment and informing him the staff would be instructed to deny him entry on the premises, the locks would be changed, and the police would be called if he showed up at the office "triggered" the "wrongful eviction" coverage. However, there are no allegations in Brenholtz's petition asserting any rights in any "room, dwelling, or premises," co-tenancy, joint leasehold, or otherwise. In Decorative Center of Houston v. Employers Casualty Co., 833 S.W.2d 257, 261 (Tex.App.–Corpus Christi 1992, writ denied), the court held this provision was intended to cover only landlord-tenant situations. The facts relied on by the Hettlers to trigger this coverage do not suggest that Brenholtz claimed a superior right of occupancy, an interest in the premises, or his denial of access to the premises. *See* Patel v. Northfield Insurance Company, 940 F.Supp. 995, 1001-02 (N.D. Tex. 1996). Also, Brenholtz did not allege facts which, if true, would render any eviction wrongful. The Hettlers' first point of error is overruled.

By their second point, the Hettlers contend the trial court erred in determining that Travelers had no duty to defend Brenholtz's claims of libel and slander. We disagree. We commence our analysis of this point by reviewing the denial of coverage in *National Union Fire.* 939 S.W.2d at 139. The Court there held that an allegation that the driver negligently discharged a firearm injuring the plaintiff did not trigger the carrier's duty to defend. In its analysis, the Court carefully noted that even given a liberal interpretation, no duty to defend was triggered because the pleadings did not allege the injury was caused by an accident resulting from the use of a covered auto.

9

The law of libel has been codified in sections 73.001-.006 of the Texas Civil Practice & Remedies Code Annotated (Vernon 2005). In a libel action, the first question for determination is whether the words used are reasonably capable of a defamatory meaning which is a question of law. Granada Biosciences, Inc. v. Barrett, 958 S.W.2d 215, 222 (Tex.App.--Amarillo 1997, pet. denied). Brenholtz did not allege any facts nor describe the alleged statements which the Hettlers suggest are reasonably capable of a defamatory meaning. Disregarding the conclusions of defamation, slander, libel, and invasion of privacy, Brenholtz's allegation that the Hettlers contacted his customers at a time when he was unable to obtain access did not contain the text of any statements made, defamatory or otherwise. Point of error two is overruled.

By their third point, the Hettlers contend the trial court erred in determining that Travelers had no duty to defend the Brenholtz's denial of use of property claim. By their reply brief, the Hettlers concede the property damage issue is not before this Court. Accordingly, their third point is overruled.

By the fourth point, the Hettlers contend the trial court erred in applying the employment-related practices exclusion. However, our disposition of their first two points pretermits our consideration of this point.

## Duty to Indemnify

By their fifth point, the Hettlers assert error by the trial court in holding that Travelers had no duty to indemnify them. We disagree. The duty of an insurance carrier to defend a suit is separate and distinct from the duty to indemnify. Utica Nat. Ins. Co. v. American Indemnity, 141 S.W.3d 198, 203 (Tex. 2004). Also, a party seeking indemnity has the burden to prove coverage if the insurer contests coverage. *Id.* By its counterclaim, among other things, in addition to seeking a declaration that it did not have the duty to defend Brenholtz's suit, Travelers also sought a determination that it did not have the duty to indemnify the Hettlers for any damages awarded. Relying on the jury's findings supporting a judgment in favor of Brenholtz against the Hettlers, Travelers sought summary judgment that it had no duty to indemnify the Hettlers. However, the Hettlers did not file any objection or response to the ground asserting no duty to indemnify.

Issues not expressly presented to the trial court by written response or otherwise, may not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c); McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993), Moreover, the Hettlers do not support their contention by argument or authorities as required by Rule 38.1(h) of the Texas Rules of Appellate Procedure. *See also* Howell v. Murray Mortg. Co, 890 S.W.2d 78, 81 (Tex.App.--Amarillo 1994, writ denied ). Point of error five is overruled.

Accordingly the judgment of the trial court is affirmed.

Don H. Reavis
Justice

11