NO. 07-08-0253-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 8, 2009

_____

REPUBLIC-VANGUARD INSURANCE COMPANY, APPELLANT

V.

CHARLIE MIZE d/b/a QUALITY FRAMING and DOUG SETTLER, APPELLEES

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-539,656; HONORABLE WILLIAM C. SOWDER, JUDGE[1]

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

"**and/or.** A legal and business expression dating from the mid-19th century, *and/or* has been vilified for most of its life–and rightly so.  To avoid ambiguity, don't use it."

Bryan Garner[2]

---

[1]Honorable Blair Cherry, (Ret.), sitting by assignment.  Tex. Gov't Code Ann. §75.002(a)(3) (Vernon 2005).

[2]Bryan A. Garner, *Garner's Modern American Usage*, 2003.

This case involves an insurance law coverage issue arising out of the use of the phrase "and/or" in a paragraph pertaining to exclusions. Appellant, Republic-Vanguard Insurance Company, appeals from a summary judgment entered in favor of Appellees, Charlie Mize d/b/a Quality Framing and Doug Settler, in Republic's declaratory judgment action seeking a determination whether it owed a duty to defend or obligation to indemnify Mize in connection with a tort lawsuit filed by Settler. In its single issue, Republic contends the trial court erred in finding that such a duty existed because coverage was precluded by an amendment to the insuring agreement entitled "WORKERS COMPENSATION EXCLUSION." We affirm.

## Background

On May 10, 2007, Settler filed the underlying litigation against Mize and Salyer Homes, LLC, wherein he alleged that he was injured as a result of Mize's negligence in connection with a construction project in Lubbock County.[3] In the underlying litigation, Settler alleged that Salyer was the general contractor for the project, Mize was a subcontractor as to Salyer, and Settler was a subcontractor as to Mize. Settler alleged that while Mize was raising a metal frame at the construction site, the frame fell on Settler proximately causing him injuries.

---

[3]Settler also asserted claims of negligence and premises liability against Salyer.

Mize requested that Republic provide it a defense under the terms of a Commercial General Liability Policy (hereinafter the "policy") issued by Republic. The policy insured Mize against bodily injury claims and agreed to provide Mize with a defense against covered claims. This dispute involves a determination of whether Settler's claims against Mize fall within the contractual definition of a covered claim. More specifically, the dispute concerns whether Settler's claims are excluded from coverage.

The policy in question contains an endorsement entitled "WORKERS COMPENSATION EXCLUSION,"[4] which states, in pertinent part, as follows:

SECTION 1. COVERAGES, COVERAGE A, 2.e. Exclusions is hereby deleted and replaced by the following:

[**2. Exclusions.**][5]

**e. Employer's Liability**

"Bodily Injury" to:

(1)    An "employee" of the "insured" and/or any "subcontractor" arising out of and in the course of:

(a) Employment by any "insured"; or

---

[4]Texas Commercial General Liability Form–Endorsement RLGL-100 (09/05) of the Policy. Hereinafter, for convenience we will refer to this Policy provision simply as the "Exclusion."

[5]Although the endorsement did not carry forward the paragraph 2 designation itself, the endorsement clearly modifies paragraph 2 of Coverage A of the Commercial General Liability Policy in question. Therefore, for clarity and convenience, we will refer to this paragraph and the relevant subpart as paragraph 2.e.(1).

3

(b) Performing duties related to the conduct of the business of any "insured" or any "subcontractor."

(2)     The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

*     *     *

SECTION V - DEFINITIONS: The following definitions are amended or added:

5.  "Employee" includes, but is not limited to:

(a) a "leased worker," and/or

(b) a "temporary worker," and/or

(c)  an employee, "temporary worker" and/or a "leased worker" of a "subcontractor" under the supervision of the "insured."

*     *     *

20.  A "subcontractor" includes persons or entities hired by any "insured" to perform any or all duties of the "insured."

On August 16, 2007, Republic filed a declaratory judgment action requesting a determination whether it owed Mize a duty of defense against Settler's tort action under the policy.   Specifically, Republic asserted that paragraph 2.e.(1) of the above-quoted exclusion precluded coverage for bodily injury to any subcontractor, thereby excluding any claim by Settler.  Settler and Mize, however, construed paragraph 2.e.(1) as precluding coverage for bodily injury to employees of the insured and employees of any subcontractor,

4

but not as to subcontractors themselves. Based upon their respective positions, Settler, Mize, and Republic each filed motions and cross-motions for summary judgment.

On May 16, 2008, the trial court entered judgment in favor of Settler and Mize on their motions for summary judgment and denied the remainder of the motions. This appeal followed.

**Discussion**

Republic asserts that the Exclusion unambiguously precludes coverage for Settler's injuries as a subcontractor for Mize. Specifically, Republic asserts that the "and/or" language in paragraph 2.e.(1) of the Exclusion separates the terms "insured" and "subcontractor" rather than the terms "employee" and "subcontractor." In support of its interpretation, Republic contends that the phrase "employee of the insured" in paragraph 2.e.(1) already includes "employees of a subcontractor" by virtue of the definition of "employees" in Section V.5.(c). Accordingly, Republic contends that, because employees of any subcontractor are already included in the phrase "employee of the insured," inclusion of the term subcontractor would have been redundant unless it was intended to separately exclude subcontractors as defined by Section V.20. As a result, Republic interprets paragraph 2.e(1) as excluding claims for bodily injury to either (1) an employee of the insured, (2) any subcontractor, or (3) an employee of any subcontractor.

5

Mize and Settler counter that, because the phrase "and/or" necessarily assigns the same grammatical rank to the terms "insured" and "subcontractor," the phrase, "employees of," must modify both "insured" and "subcontractor." Accordingly, they interpret paragraph 2.e.(1) as excluding claims for bodily injury to either (1) an employee of the insured, or (2) an employee of any subcontractor. As a corollary, they also interpret paragraph 2.e.(1) as not excluding claims for bodily injury to any subcontractor. Furthermore, they assert that Republic's reading of the definition of employees under Section V.5.(c) as including an employee of a subcontractor, ignores the ending phrase in paragraph (c)–"under the supervision of the insured." As such, they assert this definition does not refer to all subcontractor employees, but refers only to those employees of the subcontractor over which the insured asserts supervisory control. In other words, inclusion of the term "any subcontractor" was not redundant if the intent of paragraph 2.e.(1) was to encompass all the subcontractor's employees regardless of whether the insured asserts supervisory control over them or not.

## I.      Standard of Review

We review the trial court's summary judgment *de novo*. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). The party with the burden of proof must prove that it is entitled to judgment by establishing each element of its claim or defense as a matter of law, or by negating an element of a claim or defense of the opposing party as a matter of law. *Id.* When, as here, all parties move for summary judgment and the trial

6

court grants one motion and denies another, we may determine all questions presented, including the propriety of overruling the losing party's motion, provided each party has fully met its burden and sought final judgment relief. *CU Lloyd's v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998). Moreover, because the trial court's order granting summary judgment does not specify the grounds on which it relied for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Allstate Ins. Co. v. Hicks*, 134 S.W.3d 304, 307 (Tex.App.–Amarillo 2003, no pet.).

## II. Duty To Defend

In determining an insurer's duty to defend an insured against third-party claims, we apply the "eight corners rule;" *Nat'l Union Fire Ins. Co. of Pittsburgh v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); which provides that "an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). *See Hettler v. Travelers Lloyds Ins. Co.*, 190 S.W.3d 52, 57 (Tex.App.–Amarillo 2005, no pet.). If the factual allegations against the insured, fairly and reasonably construed, state a cause of action potentially covered by the policy, the duty to defend arises. *Id.* "Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination;" *GuideOne,* 197 S.W.3d at 308; *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex.

7

2005), and any doubt as to whether the insurer has a duty to defend is resolved in favor of the insured. *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 186 (Tex. 2002).

Republic's Policy covers: (1) "bodily injury," (2) caused by an "occurrence,"[6] (3) that takes place in the "coverage territory,"[7] (4) during the policy period.[8] Settler's suit alleges that, on December 1, 2006, Mize's negligence caused a metal frame to fall on him at a building site in Lubbock County, Texas, proximately causing him serious injuries. Accordingly, we find as a matter of law, that Republic has a duty to defend Settler's suit against Mize *unless* Settler's suit is subject to the Exclusion.

## II.    Workers Compensation Exclusion

We construe insurance policies in accordance with the rules governing contract construction; *Texas Farm Bureau Mut. Ins. Co. v. Sturrock*, 146 S.W.3d 123, 126 (Tex. 2004), and read all policy provisions together interpreting the policy as a whole. *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). If the policy language can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and we construe it as a matter of law. *American Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003).

---

[6]Pursuant to Endorsement OCC-01 (07/04), "'occurrence' means an accident . . . ."

[7]Pursuant to Section V.4., "[c]overage territory means [t]he United States . . . ."

[8]November 3, 2006 to November 3, 2007.

8

Whether a contract is ambiguous is also a question of law. *Id*. at 157. An ambiguity does not arise simply because the parties offer conflicting interpretations of the policy language; *Kelly-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 465 (Tex. 1998), but exists if a contract is susceptible to two or more reasonable interpretations. *Schaefer*, 124 S.W.3d at 157. If an ambiguity exists, we must adopt the construction most favorable to the insured so long as that construction is reasonable; *Feiss v. State Farm Lloyds*, 202 S.W.3d 744, 746 (Tex. 2006)*; Lundstrom v. United Services Auto. Ass'n-CIC*, 192 S.W.3d 78, 91 (Tex.App.–Houston [14th Dist.] 2006, pet. denied) and, in the event we are construing an exclusionary provision as we are here, the insured's reasonable construction prevails even if the insurer's construction "appears to be more reasonable or a more accurate reflection of the parties' intent." *Balandran v. Safeco Ins. Co. of America*, 972 S.W.2d 738, 741 (Tex. 1998) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991).

Here, we find the exclusion contained in paragraph 2.e.(1) to be unambiguous. A plain reading of that paragraph points to the term "employee" as the subject of the sentence.[9] The term "of" is a preposition. A preposition is a word that usually indicates a temporal, spatial or logical relationship between the object of the preposition and the subject of the sentence. Most often, prepositions come before their object. A conjunction joins together sentences, clauses, phrases or words; therefore, use of the phrase "and/or"

---

[9]This conclusion is further supported by a reading of paragraph 2.e.(2), which excludes bodily injuries to the "spouse, child, parent, brother, or sister *of that 'employee' as a consequence of paragraph (1) above."* (emphasis added).

9

following a preposition, creates a prepositional phrase with a compound object. Therefore, "of the 'insured' and/or any 'subcontractor'" is a prepositional phrase with a compound object, modifying the subject of the sentence, "employee," by both "the insured" and "any subcontractor."

This interpretation is buttressed by subparagraphs (a) and (b) of paragraph 2.e.(1). These subparagraphs are not coterminous. Subparagraph (a) clearly modifies the phrase "'employee' of the 'insured'" because the duties of an "'employee' of the 'insured'" logically arise out of and are performed in the course of "[e]mployment by any 'insured.'" Subparagraph (b) clearly modifies the phrase "'employee' of . . . any 'subcontractor'" because the duties of an "'employee' of any 'subcontractor'" logically arise out of and are performed in the course of "duties related to the conduct of the business of any 'insured' or any 'subcontractor.'" This interpretation is also consistent with the definition of "subcontractor" included in Section V.20. of the Exclusion, i.e., "persons or entities hired by any 'insured' to perform any or all duties of the 'insured.'" Accordingly, we find that the exclusion contained in paragraph 2.e.(1) unambiguously applies to both employees of the insured and employees of any subcontractor, but not as to subcontractors individually.[10]

_____

[10] This interpretation does not make the phrase "any subcontractor" in paragraph 2.e.(1) of the Exclusion redundant as Republic suggests. If we apply the definition of "[e]mployee" in Section V.5.(c), to paragraph 2.e.(1), then "'employee' of the 'insured'" encompasses "an employee . . . of a 'subcontractor' under the supervision of the 'insured'" as well as employees of the "insured." The "and" portion of the "and/or" term. The phrase "'employee' of . . . 'any subcontractor'" in paragraph 2.e.(1), encompasses any employee of the subcontractor *not* under the supervision of the insured. The "or" portion of the "and/or" term. As such, the Exclusion covers all employees of the "insured" and all employees of "any subcontractor" whether the employee is under the supervision of the "insured," or not. That the two terms "[e]mployee" and "subcontractor" are defined separately within the Exclusion supports an intent to treat the terms differently under the Exclusion.

10

That the Exclusion is entitled "Workers Compensation Exclusion" also supports this interpretation. Typically, words used in insurance policies are given their ordinary and generally accepted meaning unless they are defined in the policy or the policy otherwise shows they were meant to have a technical or different meaning. *See Prudential Ins. Co. of America v. Uribe*, 595 S.W.2d 554, 563 (Tex.Civ.App.–San Antonio 1979, writ ref'd n.r.e.) (citing *Guardian Life Ins. Co. of America v. Scott*, 405 S.W.2d 64, 65 (Tex. 1966). Given the lack of a policy definition and the wording of the Exclusion, the phase "workers compensation" should receive a technical definition in interpreting the Exclusion. *See generally St. Paul Mercury Ins. Co. v. Tri-State Cattle Feeders, Inc.*, 628 S.W.2d 844, 847 (Tex.App.–Amarillo 1982, writ ref'd n.r.e.) (citing *Hudiburg Chevrolet, Inc. v. Globe Indemnity Co.*, 394 S.W.2d 792, 795 (Tex. 1965) (the word "theft" in an insurance policy given the same meaning it has under Texas criminal law). "Workers' compensation" is defined as a "system of providing benefits to an *employee* for injuries occurring in the scope of employment." Black's Law Dictionary 1637 (8th ed. 2004) (emphasis added). Moreover, workers' compensation laws are defined as "statute[s] by which *employers are made responsible for bodily harm to their workers arising out of and in the course of their employment*, regardless of the fault of either the employee or the employer." *Id.* at 1638 (emphasis added). Thus, the Exclusion's title also indicates that the Exclusion is intended to exclude from coverage injuries to employees rather than injuries suffered by their employers.

11

Applying the "eight corners" rule and liberally construing both the pleadings and Republic's policy, we conclude, based upon a plain reading of the entire policy including the Exclusion, that Settler's pleadings allege a claim potentially within the scope of coverage. Thus, we find, as a matter of law, Republic owes a duty to defend Mize against Settler's claims. Moreover, even if we were to construe paragraph 2.e.(1) as being ambiguous, we are still required to adopt the construction most favorable to the insured so long as that construction is reasonable. Based on the above and foregoing, we also find Settler's interpretation to be reasonable. Accordingly, we overrule Republic's single issue.[11]

**CONCLUSION**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Campbell, J., concurs in the result.

---

[11]In reaching our decision, we found it unnecessary to rely upon the deposition testimony of Don Lundy or Mize's Traditional Motion for Summary Judgment (Motion) filed in the trial court. Accordingly, issues raised by Republic related to Mize relying on the Lundy deposition on appeal or Mize's incorporation of its Traditional Motion for Summary Judgment in its appellate brief are pretermitted.