NO. 07-08-0253-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 8, 2009

______________________________


REPUBLIC-VANGUARD INSURANCE COMPANY, APPELLANT

V.

CHARLIE MIZE d/b/a QUALITY FRAMING and DOUG SETTLER, APPELLEES

_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-539,656; HONORABLE WILLIAM C. SOWDER, JUDGE




_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.


OPINION
 
“and/or. A legal and business expression dating from the mid-19th century, and/or has been
vilified for most of its life–and rightly so. To avoid ambiguity, don’t use it.” 
 
                                                                                                                    Bryan Garner



          This case involves an insurance law coverage issue arising out of the use of the
phrase “and/or” in a paragraph pertaining to exclusions. Appellant, Republic-Vanguard
Insurance Company, appeals from a summary judgment entered in favor of Appellees,
Charlie Mize d/b/a Quality Framing and Doug Settler, in Republic’s declaratory judgment
action seeking a determination whether it owed a duty to defend or obligation to indemnify
Mize in connection with a tort lawsuit filed by Settler. In its single issue, Republic contends
the trial court erred in finding that such a duty existed because coverage was precluded
by an amendment to the insuring agreement entitled “WORKERS COMPENSATION
EXCLUSION.” We affirm.
Background
          On May 10, 2007, Settler filed the underlying litigation against Mize and Salyer
Homes, LLC, wherein he alleged that he was injured as a result of Mize’s negligence in
connection with a construction project in Lubbock County.


 In the underlying litigation,
Settler alleged that Salyer was the general contractor for the project, Mize was a
subcontractor as to Salyer, and Settler was a subcontractor as to Mize. Settler alleged that
while Mize was raising a metal frame at the construction site, the frame fell on Settler
proximately causing him injuries. 
           Mize requested that Republic provide it a defense under the terms of a Commercial
General Liability Policy (hereinafter the “policy”) issued by Republic. The policy insured
Mize against bodily injury claims and agreed to provide Mize with a defense against
covered claims. This dispute involves a determination of whether Settler’s claims against
Mize fall within the contractual definition of a covered claim. More specifically, the dispute
concerns whether Settler’s claims are excluded from coverage.
          The policy in question contains an endorsement entitled “WORKERS
COMPENSATION EXCLUSION,”


 which states, in pertinent part, as follows:
SECTION 1. COVERAGES, COVERAGE A, 2.e. Exclusions is hereby
deleted and replaced by the following:

          [2. Exclusions.]




e. Employer’s Liability

 
 “Bodily Injury” to:

 
                     (1)      An “employee” of the “insured” and/or any
“subcontractor” arising out of and in the course
of:

 
(a) Employment by any “insured”; or

 
(b) Performing duties related to the conduct of the
business of any “insured” or any “subcontractor.”

 
                     (2)      The spouse, child, parent, brother or sister of
that “employee” as a consequence of paragraph
(1) above.



* * * 



          SECTION V - DEFINITIONS: The following definitions are amended or added:

 
5. “Employee” includes, but is not limited to:

 
(a) a “leased worker,” and/or

 
(b) a “temporary worker,” and/or

 
(c) an employee, “temporary worker” and/or a “leased
worker” of a “subcontractor” under the supervision of
the “insured.”



* * *

  

 
20. A “subcontractor” includes persons or entities hired by any “insured” to
perform any or all duties of the “insured.” 





          On August 16, 2007, Republic filed a declaratory judgment action requesting a
determination whether it owed Mize a duty of defense against Settler’s tort action under the
policy. Specifically, Republic asserted that paragraph 2.e.(1) of the above-quoted
exclusion precluded coverage for bodily injury to any subcontractor, thereby excluding any
claim by Settler. Settler and Mize, however, construed paragraph 2.e.(1) as precluding
coverage for bodily injury to employees of the insured and employees of any subcontractor,
but not as to subcontractors themselves. Based upon their respective positions, Settler,
Mize, and Republic each filed motions and cross-motions for summary judgment.
          On May 16, 2008, the trial court entered judgment in favor of Settler and Mize on
their motions for summary judgment and denied the remainder of the motions. This appeal
followed.
Discussion
          Republic asserts that the Exclusion unambiguously precludes coverage for Settler’s
injuries as a subcontractor for Mize. Specifically, Republic asserts that the “and/or”
language in paragraph 2.e.(1) of the Exclusion separates the terms “insured” and
“subcontractor” rather than the terms “employee” and “subcontractor.” In support of its
interpretation, Republic contends that the phrase “employee of the insured” in paragraph
2.e.(1) already includes “employees of a subcontractor” by virtue of the definition of
“employees” in Section V.5.(c). Accordingly, Republic contends that, because employees
of any subcontractor are already included in the phrase “employee of the insured,”
inclusion of the term subcontractor would have been redundant unless it was intended to
separately exclude subcontractors as defined by Section V.20. As a result, Republic
interprets paragraph 2.e(1) as excluding claims for bodily injury to either (1) an employee
of the insured, (2) any subcontractor, or (3) an employee of any subcontractor. 
          Mize and Settler counter that, because the phrase “and/or” necessarily assigns the
same grammatical rank to the terms “insured” and “subcontractor,” the phrase, “employees
of,” must modify both “insured” and “subcontractor.” Accordingly, they interpret paragraph
2.e.(1) as excluding claims for bodily injury to either (1) an employee of the insured, or (2)
an employee of any subcontractor. As a corollary, they also interpret paragraph 2.e.(1) as
not excluding claims for bodily injury to any subcontractor. Furthermore, they assert that
Republic’s reading of the definition of employees under Section V.5.(c) as including an
employee of a subcontractor, ignores the ending phrase in paragraph (c)–“under the
supervision of the insured.” As such, they assert this definition does not refer to all
subcontractor employees, but refers only to those employees of the subcontractor over
which the insured asserts supervisory control. In other words, inclusion of the term “any
subcontractor” was not redundant if the intent of paragraph 2.e.(1) was to encompass all
the subcontractor’s employees regardless of whether the insured asserts supervisory
control over them or not.  
          I.        Standard of Review
          We review the trial court’s summary judgment de novo. FM Props. Operating Co.
v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). The party with the burden of proof must
prove that it is entitled to judgment by establishing each element of its claim or defense as
a matter of law, or by negating an element of a claim or defense of the opposing party as
a matter of law. Id. When, as here, all parties move for summary judgment and the trial
court grants one motion and denies another, we may determine all questions presented,
including the propriety of overruling the losing party’s motion, provided each party has fully
met its burden and sought final judgment relief. CU Lloyd’s v. Feldman, 977 S.W.2d 568,
569 (Tex. 1998). Moreover, because the trial court’s order granting summary judgment
does not specify the grounds on which it relied for its ruling, summary judgment will be
affirmed on appeal if any of the theories advanced are meritorious. Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989); Allstate Ins. Co. v. Hicks, 134 S.W.3d 304, 307
(Tex.App.–Amarillo 2003, no pet.). 
          II.       Duty To Defend
          In determining an insurer’s duty to defend an insured against third-party claims, we
apply the “eight corners rule;” Nat’l Union Fire Ins. Co. of Pittsburgh v. Merchants Fast
Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997); which provides that “an insurer’s duty
to defend is determined by the third-party plaintiff’s pleadings, considered in light of the
policy provisions, without regard to the truth or falsity of those allegations.” GuideOne Elite
Ins. Co. v. Fielder Road Baptist Church, 197 S.W.3d 305, 308 (Tex. 2006). See Hettler
v. Travelers Lloyds Ins. Co., 190 S.W.3d 52, 57 (Tex.App.–Amarillo 2005, no pet.). If the
factual allegations against the insured, fairly and reasonably construed, state a cause of
action potentially covered by the policy, the duty to defend arises. Id. “Facts outside the
pleadings, even those easily ascertained, are ordinarily not material to the determination;”
GuideOne, 197 S.W.3d at 308; Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 643 (Tex.
2005), and any doubt as to whether the insurer has a duty to defend is resolved in favor
of the insured. King v. Dallas Fire Ins. Co., 85 S.W.3d 185, 186 (Tex. 2002). 
          Republic’s Policy covers: (1) “bodily injury,” (2) caused by an “occurrence,”


 (3) that
takes place in the “coverage territory,”


 (4) during the policy period.


 Settler’s suit alleges
that, on December 1, 2006, Mize’s negligence caused a metal frame to fall on him at a
building site in Lubbock County, Texas, proximately causing him serious injuries. 
Accordingly, we find as a matter of law, that Republic has a duty to defend Settler’s suit
against Mize unless Settler’s suit is subject to the Exclusion. 
          II.       Workers Compensation Exclusion
          We construe insurance policies in accordance with the rules governing contract
construction; Texas Farm Bureau Mut. Ins. Co. v. Sturrock, 146 S.W.3d 123, 126 (Tex.
2004), and read all policy provisions together interpreting the policy as a whole. Provident
Life and Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003). If the policy language
can be given a certain or definite legal meaning or interpretation, then it is not ambiguous
and we construe it as a matter of law. American Mfrs. Mut. Ins. Co. v. Schaefer, 124
S.W.3d 154, 157 (Tex. 2003). 
          Whether a contract is ambiguous is also a question of law. Id. at 157. An ambiguity
does not arise simply because the parties offer conflicting interpretations of the policy
language; Kelly-Coppedge, Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 465 (Tex. 1998),
but exists if a contract is susceptible to two or more reasonable interpretations. Schaefer,
124 S.W.3d at 157. If an ambiguity exists, we must adopt the construction most favorable
to the insured so long as that construction is reasonable; Feiss v. State Farm Lloyds, 202
S.W.3d 744, 746 (Tex. 2006); Lundstrom v. United Services Auto. Ass’n-CIC, 192 S.W.3d
78, 91 (Tex.App.–Houston [14th Dist.] 2006, pet. denied) and, in the event we are
construing an exclusionary provision as we are here, the insured’s reasonable construction
prevails even if the insurer’s construction “appears to be more reasonable or a more
accurate reflection of the parties’ intent.” Balandran v. Safeco Ins. Co. of America, 972
S.W.2d 738, 741 (Tex. 1998) (quoting Nat’l Union Fire Ins. Co. of Pittsburgh, Pa. v.
Hudson Energy Co., 811 S.W.2d 552, 555 (Tex. 1991). 
          Here, we find the exclusion contained in paragraph 2.e.(1) to be unambiguous. A
plain reading of that paragraph points to the term “employee” as the subject of the
sentence.


 The term “of” is a preposition. A preposition is a word that usually indicates a
temporal, spatial or logical relationship between the object of the preposition and the
subject of the sentence. Most often, prepositions come before their object. A conjunction
joins together sentences, clauses, phrases or words; therefore, use of the phrase “and/or”
following a preposition, creates a prepositional phrase with a compound object. Therefore,
“of the ‘insured’ and/or any ‘subcontractor’” is a prepositional phrase with a compound
object, modifying the subject of the sentence, “employee,” by both “the insured” and “any
subcontractor.” 
          This interpretation is buttressed by subparagraphs (a) and (b) of paragraph 2.e.(1). 
These subparagraphs are not coterminous. Subparagraph (a) clearly modifies the phrase
“‘employee’ of the ‘insured’” because the duties of an “‘employee’ of the ‘insured’” logically
arise out of and are performed in the course of “[e]mployment by any ‘insured.’”
Subparagraph (b) clearly modifies the phrase “‘employee’ of . . . any ‘subcontractor’”
because the duties of an “‘employee’ of any ‘subcontractor’” logically arise out of and are
performed in the course of “duties related to the conduct of the business of any ‘insured’
or any ‘subcontractor.’” This interpretation is also consistent with the definition of
“subcontractor” included in Section V.20. of the Exclusion, i.e., “persons or entities hired
by any ‘insured’ to perform any or all duties of the ‘insured.’” Accordingly, we find that the
exclusion contained in paragraph 2.e.(1) unambiguously applies to both employees of the
insured and employees of any subcontractor, but not as to subcontractors individually.



          That the Exclusion is entitled “Workers Compensation Exclusion” also supports this
interpretation. Typically, words used in insurance policies are given their ordinary and
generally accepted meaning unless they are defined in the policy or the policy otherwise
shows they were meant to have a technical or different meaning. See Prudential Ins. Co.
of America v. Uribe, 595 S.W.2d 554, 563 (Tex.Civ.App.–San Antonio 1979, writ ref’d
n.r.e.) (citing Guardian Life Ins. Co. of America v. Scott, 405 S.W.2d 64, 65 (Tex. 1966). 
Given the lack of a policy definition and the wording of the Exclusion, the phase “workers
compensation” should receive a technical definition in interpreting the Exclusion. See
generally St. Paul Mercury Ins. Co. v. Tri-State Cattle Feeders, Inc., 628 S.W.2d 844, 847
(Tex.App.–Amarillo 1982, writ ref’d n.r.e.) (citing Hudiburg Chevrolet, Inc. v. Globe
Indemnity Co., 394 S.W.2d 792, 795 (Tex. 1965) (the word “theft” in an insurance policy
given the same meaning it has under Texas criminal law). “Workers’ compensation” is
defined as a “system of providing benefits to an employee for injuries occurring in the
scope of employment.” Black’s Law Dictionary 1637 (8th ed. 2004) (emphasis added). 
Moreover, workers’ compensation laws are defined as “statute[s] by which employers are
made responsible for bodily harm to their workers arising out of and in the course of their
employment, regardless of the fault of either the employee or the employer.” Id. at 1638
(emphasis added). Thus, the Exclusion’s title also indicates that the Exclusion is intended
to exclude from coverage injuries to employees rather than injuries suffered by their
employers.
           Applying the “eight corners” rule and liberally construing both the pleadings and
Republic’s policy, we conclude, based upon a plain reading of the entire policy including
the Exclusion, that Settler’s pleadings allege a claim potentially within the scope of
coverage. Thus, we find, as a matter of law, Republic owes a duty to defend Mize against
Settler’s claims. Moreover, even if we were to construe paragraph 2.e.(1) as being
ambiguous, we are still required to adopt the construction most favorable to the insured so
long as that construction is reasonable. Based on the above and foregoing, we also find
Settler’s interpretation to be reasonable. Accordingly, we overrule Republic’s single
issue.



                                 CONCLUSION
          The trial court’s judgment is affirmed. 
 
                                                                           Patrick A. Pirtle

                                                                                 Justice





Campbell, J., concurs in the result.