24-27, *Neidig v. Valley Health, Inc.*

Walker, Justice, concurring:

**FILED**

**June 10, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

I concur in the majority's analysis and write separately to emphasize that the clear statutory language necessitates the conclusion that for the Act to apply, damages "resulting from death or injury of a person" must be shown whether a plaintiff seeks to impose liability in "tort or breach of contract," despite the Legislature's use of the disjunctive "or." As noted by the majority, courts have recognized that "conjunctions are versatile words, which can work differently depending on context."[1] And here, Respondent relies so wholly on that disjunctive that it altogether ignores the context in which "or" is used, asking this Court to read statutory language in ad hoc fashion that flies in the face of traditional grammar rules and measured legislative drafting.

To begin, the definition of "medical professional liability," reads, in relevant portion: "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient."[2]

---

[1] *Pulsifer v. United States*, 601 U.S. 124, 151 (2024).

[2] W. Va. Code § 55-7B-2(i).

1

The prepositional phrase "for damages" modifies the preceding noun, "liability." The definition is thereafter set up in a stairstep modification of the noun phrase "liability for damages." The participial phrase "resulting from the death or injury of a person" functions as an adjective containing the prepositional phrase "from the death or injury" with the compound object "death or injury" that is then modified by the prepositional phrase "of a person." As a whole, the participial phrase "resulting from the death or injury of a person" modifies the preceding noun phrase, "liability for damages," consistent with the grammar rule that "if a participial phrase does not start a sentence, it should modify the noun, pronoun, or noun phrase that most closely precedes it."[3]

Next, is the prepositional phrase "for any tort or breach of contract," which also functions as an adjective to describe the noun phrase "liability for damages." Importantly, that prepositional phrase contains a compound object: "tort" or "breach of contract."[4] This compound object most closely precedes and is modified by the participial phrase "based on health care services rendered or which should have been rendered."

---

[3] *See Shires Housing, Inc. v. Brown*, 172 A.3d 1215, 1225 (Vt. 2017) (Skoglund, J., dissenting) (citing Bryan Garner, The Redbook: A Manual on Legal Style § 10.29(B) (2d Ed. 2006)).

[4] *See Republic-Vanguard Ins. Co. v. Mize*, 292 S.W.3d 214, 219-20 (Tex. App. 2009) ("A preposition is a word that usually indicates a temporal, spatial or logical relationship between the object of the preposition and the subject of the sentence. Most often, prepositions come before their object. A conjunction joins together sentences, clauses, phrases or words; therefore, use of the phrase 'and/or' following a preposition, creates a prepositional phrase with a compound object. Therefore, 'of the "insured" and/or any

Next come the prepositional phrases "by a health care provider or health care facility" (also containing a compound object, "health care provider" or "health care facility") and "to a patient," neither of which are at issue in this case but operate within the statute to describe who renders the health care services and to whom they are rendered.

As recognized by the majority, for Respondent's construction of the sentence to be grammatically correct, at minimum the word "**from**" would need to be inserted before "breach" to create two distinct prepositional phrases, i.e., any liability for damages resulting *from* the death or injury of a person for any tort or *from* breach of contract. Respondent does not dispute that damages are an integral component of liability under the Act. Rather, its assertion is that the damages can "result[] from . . . breach of contract based on health care services rendered, or which should have been rendered." But in

---

"subcontractor'" is a prepositional phrase with a compound object, modifying the subject of the sentence, 'employee,' by both 'the insured' and 'any subcontractor.'").

Though in *Republic-Vanguard*, the statute at issue contained "and/or," compound objects may be joined by either "and" or "or" to the same effect because they are used as coordinating conjunctions: "coordinating conjunctions join words or group of words of equal grammatical rank, such as two nouns, two verbs, two phrases, or two clauses." The Chicago Manual of Style § 5.198, p. 287 (17th ed. 2017). *See, e.g.*, *Kokomo Urb. Dev., LLC v. Heady*, 125 N.E.3d 15, 20 (Ind. T.C. 2019) ("Furthermore, Kokomo Urban's argument ignores the actual grammatical structure of Indiana Code § 6-1.1-20.6-1.6's phrase 'after the application of all exemptions under IC 6-1.1-10 or any other provision.' The word 'exemptions' in that phrase is modified by the prepositional phrase 'under IC 6-1.1-10 or any other provision.' 'Under,' the preposition, is followed by the compound object 'IC 6-1.1-10 or any other provision.'").

3

picking and choosing which words to utilize, Respondent pays no heed to the import of this statute's structure, required phrasal cohesion, or the grammatical influence of the prepositional and participial phrases on one another.

In this way, the enacted statute's key phrases and resulting modification can best be visualized as follows:

Liability
  For damages
    Resulting from the death or injury of a person
      For any tort or breach of contract
        Based on health care services rendered or which should have been rendered
          By a health care provider or health care facility
          To a patient

In the enacted version, "resulting from the death or injury of a person" applies to both "any tort" and "breach of contract" because all liability for damages—whether flowing from tort or breach of contract—must result from the death or injury of a person. The participial phrase that follows "for any tort or breach of contract"—"based on health care services rendered or which should have been rendered" —then also refers back to *both* "any tort" or "breach of contract" as the compound object because, as a participial phrase, it modifies "the noun, pronoun, or noun phrase that most closely precedes it." Stated another way, grammatically, "any tort or breach contract" must be kept together for the statute to operate properly with the phrases that precede and follow it, but Respondent's read would separate them with grammatical consequences that change the meaning of the statute:

4

```
Liability
    For damages
        resulting
            from the death or injury of a person for any tort
            or
        [from] breach of contract
                    based on health care services rendered or which should
                    have been rendered
                            by a health care provider or health care facility
                            to a patient
```

The statute is simply not structured to accommodate Respondent's desired interpretation, first and foremost, because it would read out the participial phrase "resulting from the death or injury of a person" altogether. But insertion of the word "from" to correct the statute grammatically fares no better because grammatical consequences spill over into substantive ones when "tort or breach of contract" is disconnected.

Insertion of the word "from," to respondent's end, operates for the specific purpose of placing "breach of contract" on its own step so as not to bear the "death or injury to a person" modifier from the immediately preceding participial phrase. But if "tort or breach of contract" is not viewed together for purposes of describing the participial phrase "resulting from the death or injury of a person" it cannot then be used as a compound object for purposes of the rest of the statute. In the enacted version, "for any tort or breach of contract" is immediately followed by the participial phrase "based on health care services rendered or which should have been rendered." Grammatically, "based on health care services rendered or which should have been rendered" modifies "any tort or breach of contract" —but *only* where "any tort or breach of contract" operates as a compound object (read, on the same step, not each object on its own step). In Respondent's version, the

5

insertion of the additional preposition "**from**" disjoins the compound object, causing the participial phrase beginning "based on health care services" to only modify the lone object, "breach of contract" as "the noun, pronoun, or noun phrase that most closely precedes it." So, while insertion of **"from"** fixes the problem with the phrase that *precedes* "breach of contract," it creates a new one with the phrase that follows it.

The majority appropriately identifies the alarms that sound from this seemingly innocuous grammatical change: "torts" would no longer carry a requirement that they are "based on health care services rendered or which should have been rendered"—language this Court has recognized as the hallmark of actions under the Medical Professional Liability Act. To fix the problems "from" creates on the back end of the stairstep structure, we would then *also* need to insert additional verbiage to clarify that the resulting damages—whether contract or tort based—are "based on health care services rendered, or which should have been rendered," not just resulting from a breach of contract.

Most egregiously, Respondent's construction requires the insertion of a word that does not appear in the statute—something we cannot do.[5] But it also makes a straightforward sentence—a "bramble of prepositional phrases [that] may excite the

---

[5] *See* Syl. Pt. 11, *Brooke B. v. Ray*, 230 W. Va. 355, 738 S.E.2d 21 (2013) ("It is not for this Court arbitrarily to read into a statute that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted.").

6

grammar teacher," to be sure—clumsy in style and form.[6] As shown above, the sentence follows a predictable pattern of interjecting participial phrases to modify the objects (nouns) in the key prepositional phrases that immediately precede them. Respondent's approach to reach its own ends does not function within the statute's structure.

"True, in the business of statutory interpretation we do not always bow to linguistic rules. A court's job, after all, is to discern the statute's meaning not grade its grammar, and sometimes a law's meaning can be clear even when the grammar's downright awful. But until a clue emerges suggesting otherwise, it's not unreasonable to think that [the Legislature] used the English language according to its conventions."[7] This Court has previously declined to casually disregard traditional grammar rules based on the assumption that the Legislature "haphazardly structured" a statute, emphasizing that "'a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself . . . [and] where [] that examination yields a clear answer, judges most stop.'"[8]

In this statutory definition, the Legislature appears to have taken a measured, grammatical approach to incorporate its intended, requisite elements of "liability" under the Act as (1) damages; (2) resulting from the death or injury of a person; (3) for any tort

---

[6] *U.S. v. Rentz*, 777 F.3d 1105, 1106 (10th Cir. 2015).

[7] *Id.* at 1109.

[8] *State v. Woodrum*, 243 W. Va. 503, 509-10, 845 S.E.2d 278, 284-85 (2020) (quoting *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 436 (2019)).

or breach of contract; (4) based on health care services rendered or which should have been rendered; (5) by a health care provider or health care facility; and (6) to a patient. It is no hard thing, then, to decline the invitation to add words to the statute that are not there, or to practice "sophisticated syntactical somersaults" to that end; "this reading of the statute —like most good ones—flows from plain old grade school grammar[.]"[9] In all instances, we give effect to the Legislature's intent expressed by statutory language. And where, as here, examination of the language yields a clear answer, we stop.

---

[9] *Rentz*, 777 F.3d at 1110.